UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| DARNELL W. MOON, | ) | |
| a/k/a Qamar Ed-Deen Abdul Latif, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:15-CV-160-SNLJ |
| | ) | |
| MARK J. UNTERREINER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on the application of Darnell W. Moon for leave to commence this action without payment of the required filing fee. *See* 28 U.S.C. § 1915(a). Upon consideration of the financial information provided with the completed application, the Court finds that plaintiff is financially unable to pay the filing fee. Therefore, plaintiff will be granted leave to proceed in forma pauperis. Furthermore, based upon a review of the complaint, the Court finds that this action should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

### **28 U.S.C. § 1915(e)**

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is

immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. *Spencer v. Rhodes*, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), *aff'd* 826 F.2d 1059 (4th Cir. 1987). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

To determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950-51 (2009). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Id.* at 1949. Second, the Court must determine whether the complaint states a plausible claim for relief. *Id.* at 1950-51. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950. The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." *Id.* The Court must review the factual allegations in the complaint "to determine

if they plausibly suggest an entitlement to relief." *Id.* at 1951. When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's conclusion is the most plausible or whether it is more likely that no misconduct occurred. *Id.* at 1950, 51-52.

Moreover, in reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).

## The Complaint

Plaintiff brings this action pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), and the Religious Freedom Restoration Act, 42 U.S.C. § 2000bb *et seq*. In addition, plaintiff asserts a pendent claim for intentional infliction of emotional distress. The named defendants are the United States of America and United States Probation Officers Mark J. Unterreiner, Charles H. Doerge, and Brian Gray.

Plaintiff states that he is Muslim and is required to pray at least five times a day in a mosque. He is challenging the terms of conditions relative to his electronic monitoring under the U.S. Probation Home Confinement Program.

3

Following the revocation of his supervised release, plaintiff apparently was placed on electronic monitoring so his parole officer could monitor his movements. Plaintiff claims that the program is unconstitutional and that defendants are interfering with the exercise of his religious beliefs by requiring him to state the times that he claims he is going to and leaving his mosque and not allowing him to simply sign out from 4 a.m. to 11 p.m. Plaintiff states that he should be allowed "to exercise his religious beliefs in the manner and frequency [he] chooses," and that he did not want to comply with defendants' request for specific times, "because he felt it was an infringement on his right to free exercise of religion." In addition, plaintiff claims defendants filed a "warrant or summons for an offender under supervision" in retaliation for his objection to their request and for filing a lawsuit against them.

**Discussion**

A review of the Court's records shows that on March 19, 2008, plaintiff pled guilty to one count of armed robbery and one count of conspiracy to interfere with interstate commerce by robbery, and he was sentenced to seventy-eight months' imprisonment and three years of supervised release. *See United States v. Moon*, 1:07-CR-133-RWS (E.D. Mo.). Plaintiff states that he was released from BOP custody on January 27, 2015. On May 5, 2015, this Court revoked plaintiff's

supervised release and sentenced him to four months' imprisonment. *Id*. Plaintiff states that he was assigned to the Home Confinement Program, under which he would be electronically monitored, and he is now challenging the conditions of his electronic detention under this program. He states that defendants have filed a supervised release violation petition. According to the Court's records, plaintiff is scheduled to appear in Federal Court on September 14, 2015, to answer to this petition.

To recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions that would render a conviction or sentence invalid, a plaintiff must first prove that the conviction or sentence has been reversed, expunged, declared invalid by a state tribunal, or called into question by a federal court's issuance of a writ of habeas corpus. *Heck v. Humphrey*, 512 U.S. 477 (1994). The conditions of plaintiff's electronic detention are a part of the execution of his sentence, and plaintiff has not shown, nor does he allege, that his conviction or sentence has been reversed, expunged, invalidated, or called into question. As such, his claims are presently barred by the United States Supreme Court's holding in *Heck*, and this action will be dismissed accordingly. *See Savickas v. Walker*, 180 Fed. Appx. 592, 593-94 (7th Cir. 2006) (plaintiff challenging electronic detention was *Heck*-barred from

bringing § 1983 action; by challenging the execution of this home confinement, plaintiff was attempting to do exactly what *Heck* prohibits).

Moreover, to the extent that plaintiff is challenging the fact of his present confinement, or the manner in which his sentence is being executed, his claims are cognizable exclusively under habeas corpus, not 42 U.S.C. § 1983. *See Preiser v. Rodriguez*, 411 U.S. 475, 490 (1973) (habeas corpus is the appropriate remedy for prisoners attacking their confinement); *Williams v. Wisconsin,* 336 F.3d 576, 579-80 (7th Cir.2003) (quoting *Drollinger v. Milligan,* 552 F.2d 1220, 1225 (7th Cir.1977)) (explaining that conditions of parole "'define the perimeters of'" confinement, and thus, challenges to particular conditions must be brought as habeas corpus petitions and not as civil suits under § 1983).

Last, with respect to defendant United States of America, the Court notes that "[t]o sue the United States, [a plaintiff] must show both a waiver of sovereign immunity and a grant of subject matter jurisdiction." *VS Ltd. P'ship v. Dep't of Hous. and Urban Dev.,* 235 F.3d 1109, 112 (8th Cir. 2000). Plaintiff has failed to make this showing. For these reasons, this action will be dismissed pursuant to § 1915(e)(2)(B).

Because plaintiff's federal claims will be dismissed, all remaining pendent state claims will be dismissed, as well. *See* 28 U.S.C. § 1367(c)(3); *United Mine*

*Workers v. Gibbs*, 383 U.S. 715, 726 (1966) (if federal claims are dismissed before trial, remaining state claims should also be dismissed); *Hassett v. Lemay Bank & Trust Co.*, 851 F.2d 1127, 1130 (8th Cir. 1988) (where federal claims have been dismissed, district courts may decline jurisdiction over pendent state claims as a "matter of discretion").

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [Doc. #2] is **GRANTED.**

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue, because the complaint is legally frivolous and fails to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B).

A separate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 11th day of September, 2015.

_____
UNITED STATES DISTRICT JUDGE